IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. _____

| | |
|---|---|
| TAMIKA HOGAN-SMITH, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **COMPLAINT**<br>) **(Jury Trial Demanded)** |
| COMPASS GROUP USA, INC., | )<br>) |
| Defendant. | )<br>) |

Plaintiff, complaining of the Defendant, alleges and says:

## I. INTRODUCTION AND JURISDICTION

1. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964 and Section 1981 of the Civil Rights Act of 1866, alleging that she was discharged from her employment based on her race and color and in retaliation for having complained about discriminatory treatment.

## II. PARTIES

2. Plaintiff is an African-American female citizen and resident of Charlotte, Mecklenburg County, North Carolina.

3. Compass Group USA, Inc. is a company engaged in the sale and resale of food products, among other things. Compass Group USA, Inc. is a company within the meaning of Title VII and Section 1981.

## III. FACTS

4. Plaintiff was employed by Defendant as a paralegal in May, 2019. In that capacity, she was initially assigned to Assistant General Counsel, Bhavin Patel. Other team members on

her team included Sarah Jade, Associate General Counsel, an intern and Plaintiff. Mr. Patel had little interaction with the team except for the weekly staff meetings. When Plaintiff sought assistance from him, he would refer her to Sarah Jade who was most unhelpful and, at best, referred her to another person who failed to provide immediate assistance. Plaintiff found herself having to learn by searching for information. Plaintiff received only one hour of training and a manual that had been created by an intern.

5. Plaintiff experienced a hostile work environment in that, as the only African-American in her group, she was subjected to condescending remarks, gestures, loud and rude comments and failure to address Plaintiff by her name, particularly by Sarah Jade, who is Indian. Others did not experience this behavior.

6. Around Christmas of 2019, Plaintiff went to Patel to complain about Sarah Jade's behavior. He agreed that he would speak to Sarah Jade. After Plaintiff complained about the hostile work environment, Plaintiff's work environment continued to deteriorate. Plaintiff was no longer invited to meetings and was not included in communications by the Associate General Counsel and legal interns. In January, 2020, Sarah Jade's behavior intensified.

7. Plaintiff encountered discriminatory treatment from an Administrative Assistant, Cynthia Jones, a white female, who provided administrative assistance to Patel. She failed to provide assistance when needed, claiming that she did not know the information, but provided similarly requested assistance to a white paralegal.

8. Plaintiff received a good performance evaluation and received a pay raise in January, 2020.

9. On January 29, 2020, Plaintiff was discharged from her position, with no prior warning or progressive discipline. A white paralegal, with similar assignments to Plaintiff and who had similar difficulties finding the required information, was not discharged.

## FIRST CAUSE OF ACTION
## RACE DISCRIMINATION – TITLE VII AND SECTION 1981

10. Plaintiff realleges the preceding paragraphs and incorporates them hereto.

11. Defendant's actions in terminating the Plaintiff constitute race discrimination in violation of Title VII and Section 1981. Plaintiff was terminated after she was provided assignments for which she normally did not perform and for which she provided the services as best could be provided under the circumstances. A similarly situated white female, whose performance on those issues was no different than Plaintiff, was not terminated.

12. Plaintiff noticed that in her short period of time with Defendant that there were at least two other African-American employees were let go supposedly because they "did not work out."

13. Plaintiff was terminated because of her race, in violation of Title VII and Section 1981.

14. Plaintiff suffered economic loss and emotional distress and is entitled to economic damages and compensatory damages.

## SECOND CAUSE OF ACTION
## RETALIATION

15. Plaintiff realleges the preceding paragraphs and incorporates them hereto.

16. Plaintiff complained of discriminatory treatment and hostile work environment to her manager around Christmas, 2019.

3

17. Plaintiff received a satisfactory performance evaluation and a three percent raise in early January, 2020. Less than three weeks later, Plaintiff was terminated, supposedly for not performing a task. A similarly situated white employee, who had not raised any complaints of discrimination, was not terminated. Further after Plaintiff complained about the Associate General Counsel, she was subjected to intensified retaliatory behavior.

18. Plaintiff's engagement in protective activity, specifically the complaint to her Assistant General Counsel and Supervisor, was the reason for her termination.

19. Defendant's actions constitute a violation of Section 1981 and Title VII. Defendant caused Plaintiff economic harm and emotional distress for which she is entitled to economic and compensatory damages.

## IV. EXHAUSTION OF REMEDIES

20. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The Equal Employment Opportunity Commission issued a Dismissal and Notice of Rights which was received on August 10, 2020. This Complaint is being filed within ninety days of the date of receipt of the right to sue letter.

## V. JURY TRIAL DEMAND

21. Plaintiff hereby demands a trial by jury.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the discrimination alleged herein be remedied in full and that the court, after a jury trial:

a) Declare the actions complained of herein to be illegal;

4

b) Issue an injunction enjoining the Defendant, its agents, employees, successors, attorneys and those acting in concert or participation with the Defendant and at their direction from engaging in the unlawful practices set forth herein;

c) Award Plaintiff make whole relief and damages for the economic and non-economic losses she has suffered;

d) Award Plaintiff her costs and expenses in this action, including reasonable attorney's fees, costs and other litigation expenses; and

e) Grant such other and further relief as may be just and necessary to afford complete relief to Plaintiff.

This 9th day of November, 2020.

/s/ *Geraldine Sumter*
Geraldine Sumter
N. C. Bar No. 11107
Ferguson Chambers & Sumter, P.A.
309 East Morehead Street, Suite 110
Charlotte, North Carolina 28202
Telephone: (704) 375-8461
Facsimile: (980) 938-4867
Email: gsumter@fergusonsumter.com

Attorney for Plaintiff